**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**AT JACKSONVILLE**

| | | |
|---|---|---|
| NEXT INSURANCE US COMPANY, | : | Case No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | United States District Judge |
| v. | : | |
| | : | |
| APOGEE INTEGRATIONS, LLC, | : | |
| | : | United States Magistrate Judge |
| DARIUSH ASHRAFI, | : | |
| as personal representative of | : | |
| the estate of Debra Ashrafi and | : | |
| as parent of Marni Ashrafi, | : | **COMPLAINT FOR** |
| | : | **DECLARATORY JUDGMENT** |
| SHANA SCIORTINO, and | : | |
| | : | |
| LAWRENCE BURKETT JR., | : | |
| as personal representative of | : | |
| the estate of Shirley Burkett, | : | |
| | : | |
| Defendants. | : | |

COMES NOW Plaintiff Next Insurance US Company ("Next"), by and through its undersigned counsel, and, for its Complaint for Declaratory Judgment against Defendants Apogee Integrations, LLC ("Apogee"), Dariush Ashrafi, as personal representative of the Estate of Debra Ashrafi and as parent of Marni Ashrafi ("Ashrafi"), Shana Sciortino ("Sciortino"), and Lawrence Burkett Jr., as personal representative of the estate of Shirley Burkett ("Burkett"), states as follows:

1.     This is an action for declaratory judgment, brought pursuant to 28 USC § 2201 and Federal Rule of Civil Procedure 57, for the purpose of determining questions of actual controversy between the parties concerning a commercial general

liability insurance policy bearing number NXTHQ4YWLK-00-GL (the "Policy") issued by Next to Apogee.  A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

2.    Apogee is a Defendant in Case No. 2022-CA-532 filed by Ashrafi, Case No. 2022-CA-543 filed by Sciortino, and Case No. 2022-CA-545 filed by Burkett in the Circuit Court of Flagler County, Florida (collectively, the "Underlying Lawsuits").  All of the Underlying Lawsuits arise out of a single motor vehicle accident.  True and accurate copies of the Third Amended Complaints filed in the Underlying Lawsuits are collectively attached hereto as **Exhibit B**.

3.    Next has and is providing a defense to Apogee against the Underlying Lawsuits pursuant to a complete reservation of rights.

4.    As explained by the Court in the Underlying Lawsuits, the at-fault driver, John Garrison, was "convicted and adjudicated guilt of sundry counts involving each of the Plaintiffs" and is, therefore, "estopped from denying liability in each case"; and Apogee has been adjudged vicariously liable for Mr. Garrison's conduct based upon the existence of a principal / agent relationship.  True and accurate copies of the relevant entries filed in the Underlying Lawsuits are collectively attached hereto as **Exhibit C**.

5.    In the Ashrafi Underlying Lawsuit, a final judgment was entered against Apogee in the amount of $28,001,720.00 on December 11, 2025.  In the Sciortino Underlying Lawsuit, a damages trial is scheduled to begin on July 20, 2026.  In the Burkett Underlying Lawsuit, a final judgment was entered against

Apogee in the amount of $7,552,459.11 on December 11, 2025.  True and accurate copies of the relevant entries filed in the Underlying Lawsuits are collectively attached hereto as **Exhibit D**.

6.      Apogee has called upon Next to indemnify it under the Policy against any final judgment entered in the Underlying Lawsuits.  It is Next's position that the Policy does not provide coverage for the claims asserted against Apogee in the Underlying Lawsuits and, consequently, Next owes no duty to indemnify Apogee in the Ashrafi Underlying Lawsuit or the Burkett Underlying Lawsuit or, when a final judgment is entered in the Sciortino Underlying Lawsuit, in that lawsuit.

7.      This Court has jurisdiction pursuant to 28 USC § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States:

a.      The final judgments already entered in the Underlying Lawsuits exceed $75,000.

b.      Next's potential liability under the Policy as a result of the Underlying Lawsuits is $1,000,000 (the Policy's indemnification limits).  E.g., First Mercury Ins. Co. v. Excellent Computing Distribs., 648 Fed. Appx. 861, 865 (11th Cir. 2016) ("[W]hen an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of potential liability under its policy.").

c.      Next is a citizen of Delaware, which is its state of incorporation,

- 3 -

and a citizen of California, which is the state in which its headquarters / principal place of business is located.

d.      Apogee is a citizen of Colorado and Florida, which are the states in which each of its two members are respectively domiciled.  E.g., Rolling Greens MHP v. Comcast SCH Holdings, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

e.      Ashrafi is a citizen of Florida, which is the state in which Debra Ashrafi was domiciled when she died and the state in which Marni Ashrafi is domiciled.  See Paragraphs 3, 5, and 14 of the Third Amended Complaint filed in the Ashrafi Underlying Lawsuit.

f.      Sciortino is a citizen of Florida, which is the state in which she is domiciled.  See Paragraph 2 of the Third Amended Complaint filed in the Sciortino Underlying Lawsuit.

g.      Burkett is a citizen of Florida, which is the state in which Shirley Burkett was domiciled when she died.  See Paragraph 2 of the Third Amended Complaint filed in the Burkett Underlying Lawsuit.

8.      Venue is proper in this Court pursuant to 28 USC § 1391(b), as the motor vehicle accident that forms the basis of the Underlying Lawsuits (a substantial part of the events giving rise to this declaratory judgment claim) occurred in Flagler County, Florida, and the Underlying Lawsuits are likewise pending in the Circuit Court of Flagler County, Florida.

9.     Next expressly incorporates by reference herein all Policy defenses potentially available to it under applicable Florida law, including, but not limited to, those based upon the following Policy provisions:

a.     The Policy's auto exclusion, which provides: "This insurance does not apply to . . . '[b]odily injury' or 'property damage' arising out of the . . . use . . . of any . . . 'auto' . . . owned or operated by or . . . loaned to any insured."  The term "insured," as defined by the Policy, includes both Apogee itself as well as "employees" of Apogee "for acts within the scope of their employment by [Apogee] or while performing duties related to the conduct of [Apogee's] business."  The term "employee" is defined broadly by the Policy insofar as the definition excludes only persons "furnished to [Apogee] to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions."

i.     The Underlying Lawsuits arise out of a motor vehicle accident caused by the use of an auto owned or operated by an insured (John Garrison, an employee of Apogee).

ii.     The Underlying Lawsuits arise out of a motor vehicle accident caused by the use of an auto loaned to an insured (Apogee).

b.     The Policy's Contractor / Sub-Contractor Insurance Requirements endorsement, which provides: Coverage "does not apply to an 'occurrence' arising out of a sub-contractor's work" unless certain conditions are met, including the subcontractor maintaining a commercial general

liability policy naming Apogee as an additional insured on a primary and noncontributory basis.

       i.     Apogee did not require its subcontractor (John Garrison) to obtain, and Mr. Garrison did not in fact obtain, a commercial general liability policy providing additional insured coverage to Apogee on a primary and noncontributory basis.

10.    Next reserves the right to assert in this declaratory judgment action any other coverage defense potentially available to it under applicable Florida law.

11.    Because of the above-detailed Policy defenses, Next owes no duty to indemnify Apogee against any final judgment entered in the Underlying Lawsuits.

12.    As a result of the foregoing, an actual controversy exists between Next, Apogee, Ashrafi, Sciortino, and Burkett concerning the rights, duties, and obligations arising under the Policy, and this controversy is properly resolved by this Court.

WHEREFORE, Next respectfully requests, prays for, and demands a judgment declaring that Next owes no duty to indemnify Apogee against any final judgment entered in the Underlying Lawsuits, as well as any and all other relief to which it may be entitled.

Date:  March XX, 2026                    Respectfully submitted,

                By:    */s/ Brian P. Henry*
                      Brian P. Henry (Fla. Bar No. 0089069)
                      Wesley C. Page (Fla. Bar No. 0085183)
                      Rolfes Henry Co., LPA
                      3165 McCrory Place, Suite 174
                      Orlando, Florida 32803
                      Telephone: (407) 284-4990
                      bhenry@rolfeshenry.com
                      kmcclintock@rolfeshenry.com
                      wpage@rolfeshenry.com
                      rkitchens@rolfeshenry.com

                      *Attorneys for Plaintiff*
                      *Next Insurance US Company*