**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NEXT INSURANCE US COMPANY,

Plaintiff,

v. Case No.: 3:26-cv-594-WWB-LLL

APOGEE INTEGRATIONS, LLC, DARIUSH ASHRAFI, SHANA SCIORTINO and LAWRANCE LEE BURKETT, JR.,

Defendants.
____________________________________/

# ORDER

THIS CAUSE is before the Court on Defendants Dariush Ashrafi, Shana Sciortino, and Lawrance Lee Burkett, Jr.'s Motion to Dismiss (Doc. 6) and Plaintiff's Memorandum Contra ("**Response**," Doc. 16). For the reasons set forth below, Defendants' Motion will be granted.

## I. BACKGROUND

Plaintiff, Next insurance US Company, insures Defendant Apogee Integrations, LLC ("**Apogee**") pursuant to a commercial general liability insurance policy. (Doc. 1, ¶ 1). Apogee was sued in three lawsuits brought in state court by Defendants Dariush Ashrafi, Shana Sciortino, and Lawrance Lee Burkett, Jr. ("**Individual Defendants**") arising out of a motor vehicle accident. (*Id.* ¶ 2). Plaintiff is defending Apogee in the underlying lawsuits. (*Id.* ¶ 3).

In each of the underlying lawsuits, Apogee was determined to be vicariously liable for the accidents. (*Id.* ¶ 4). Judgement was entered against Apogee in the Ashrafi and

Burkett lawsuits in December 2025. (*Id.* ¶ 5). Apogee subsequently appealed both cases to the Florida Fifth District Court of Appeal, where they remain pending. (Doc. 6-1 at 2; Doc. 6-2 at 2); *see also Apogee Integrations, LLC v. Ashrafi ex rel. Ashrafi*, No. 5D2025-3671, *available at* https://acis.flcourts.gov/portal/court/d818ccfa-0288-4e77-9f0f-daa6a4999a3a/case/bec2b7be-9224-411a-9b4d-0f167213dfb4 (last visited Aug. 26, 2026); *Apogee Integrations, LLC v. Burkett ex rel. Burkett*, No. 5D2025-3673, *available at* https://acis.flcourts.gov/portal/court/d818ccfa-0288-4e77-9f0f-daa6a4999a3a/case/edf2b077-6dfd-4d9c-935a-7e1c8be2999e (last visited Aug. 26, 2026). A verdict was entered against Apogee in the Sciortino lawsuit on July 31, 2026. *See Sciortino v. Garrison*, No. 2022-CA-000534, *available at* https://cases.flaglerclerk.gov/CourtCase.aspx/Details/915969?digest=Czx1YTzDo%2BtT3NPKWzYMqw (last visited Aug. 26, 2026). Sciortino and Apogee subsequently moved for a partial new trial and a new trial, respectively, but both motions were denied. *See id.*

Plaintiff now seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that it has no duty to indemnify Apogee against any final judgments rendered in the underlying lawsuits. (Doc. 1, ¶¶ 11–12). The Individual Defendants move to dismiss Plaintiff's Complaint for lack of ripeness.

## II. LEGAL STANDARD

A party may move to dismiss the claims against it for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction

based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

## III. DISCUSSION

The Individual Defendants bring a factual challenge. They argue that Plaintiff's declaratory judgment claim is unripe because litigation remains ongoing in the underlying lawsuits. In response, Plaintiff argues that because a definitive finding of liability has been made, its duty to indemnify Apogee is no longer speculative.

"In contrast to the duty to defend, which is determined by looking to the allegations of a complaint, the duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001); *see also J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."). "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Northland*, 160 F. Supp. 2d at 1360; *see also Nat'l Specialty Ins. Co. v. Eleguas Trucking Inc.*, No. 6:20-cv-

2225, 2021 WL 7451924, at *1 (M.D. Fla. May 18, 2021) ("Among district courts in the Eleventh Circuit, [c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." (quotation omitted)).

Plaintiff does not argue that any exception to this general rule applies in this case. Instead, Plaintiff argues that because the issue of liability has been determined already by the state court in all three lawsuits in favor of the Individual Defendants, the duty to indemnify claim is ripe. In other words, Plaintiff argues that the only issue to be resolved in the underlying litigation is how much liability Apogee will incur. Plaintiff's argument, however, hinges on the finality of the liability determination. Nevertheless, Plaintiff has failed to proffer any evidence that the liability determination is final. Although two of the cases are on appeal, Plaintiff fails to inform the Court if the determination of liability is at issue in those appeals. Thus, it is unclear if liability has been finally determined in this case. Assuming that Apogee is appealing the issue of its liability, then the duty to indemnify in those cases may ultimately never become ripe. *See Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 530 (7th Cir. 2005) (holding that the duty to indemnify claim was unripe because "the underlying state action remain[ed] pending on appeal"); *Great Am. Alliance Co. v. Bravo Food Serv. LLC*, No. 7:19-CV-1026, 2020 WL 13553546, at *4 (N.D. Ala. Apr. 21, 2020).

With respect to the Sciortino case, it does not appear that a judgment has been entered and there remains at least one pending motion and time to file a notice of appeal. Plaintiff has presented no evidence or argument that the issue of liability will not be appealed in the Sciortino case or that the award of monetary damages is even sufficiently

final to trigger a ripe issue for review by this Court. *See* Fla. R. App. P. 9.110(b); *Otero v. Arcia*, 264 So. 3d 1140, 1141 (Fla. 5th DCA 2019) ("[A] judgment becomes final either upon the expiration of the time for filing an appeal or postjudgment motions, or, if an appeal is taken, upon the appeal being affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing." (quoting *Silvestrone v. Edell*, 721 So. 2d 1173, 1175 n.2 (Fla. 1998))); *Herskowitz v. Herskowitz*, 513 So. 2d 1318, 1319 (Fla. 3d DCA 1987) ("[O]nce a judgment becomes final—as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied or no such motion is filed and the ten days for filing same has expired—the trial court loses jurisdiction to rehear the judgment on the merits."). Absent evidence that the question of liability has been fully and finally resolved, the Court is not persuaded that Plaintiff has met its burden in establishing jurisdiction to hear its claim regarding the duty to indemnify.

Furthermore, "[t]he Declaratory Judgment Act 'confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc*, 12 F.4th 1278, 1284 (11th Cir. 2021) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). In determining if it should exercise its discretion, the Court is guided by a non-exclusive list of factors, which include:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1059–60 (11th Cir. 2022) (quoting *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005)).

Even assuming that the issue of liability could be considered ripe while presumably on appeal or likely to be appealed in the underlying litigation, having considered the factors, the Court would also decline to exercise its discretion in rendering a declaratory judgment as to the duty to indemnify until any appeal regarding that issue is final. *See Harleysville Worcester Ins. Co. v. CB Contractors, LLC*, No. 6:17-cv-258-Orl, 2019 WL 1040961, at *4–5 (M.D. Fla. Mar. 5, 2019).

## IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants Dariush Ashrafi, Shana Sciortino, and Lawrance Lee Burkett, Jr.'s Motion to Dismiss (Doc. 6) is **GRANTED**.
2. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on August 27, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record